

**SO ORDERED.**
**SIGNED this 28th day of January, 2016**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

/s/ Shelley D. Rucker
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

IN RE:                                                            CASE NO. 15-15519 SDR
LEWIS EDWIN CULBERSON
PATRICIA DIANNE CULBERSON
    Debtor(s)                                              CHAPTER 13

### ORDER CONFIRMING CHAPTER 13 PLAN

The chapter 13 plan in this case or summary thereof having been transmitted to scheduled creditors, and it having been determined that the plan as finalized complies with 11, U.S.C. §1325 and should be confirmed, the court directs the following:

1. The plan, a copy of which is attached is confirmed.
2. Property of the estate does not vest in the debtor(s) until completion of the plan.
3. Attorney for the debtor(s) is awarded the fee set forth in the plan, to be paid by the chapter 13 trustee through the plan.
4. All pending objections, if any, to confirmation are resolved, withdrawn, or overruled.

###

Approved for Entry By:
/s/ Kara L. West
Kara L. West, Trustee
P.O. Box 511, Chattanooga, TN 37401
(423) 265-2261

UNITED STATES BANKRUPTCY COURT
Eastern District of Tennessee
Southern Division

IN RE: Lewis Edwin Culberson
and: Patricia Dianne Culberson

Case No. 1:15-bk-15519-SDR
Judge Rucker
Chapter 13

CHAPTER 13 PLAN

ORIGINAL

*Dated*: December 18, 2015

**1. Payments and Term.**

The Debtor will pay the Chapter 13 Trustee $1,383.00 (handwritten: $1383.00) Monthly for 60 months by Direct Pay and the following additional monies:

**2. Priority Claims (including administrative expenses).**

(a) All administrative expenses under 11 U.S.C. §§ 503(b) & 1326 will be paid in full, including fees to the debtor's attorney in the amount of **$3,000.00**, less **$0.00** previously paid by the debtor.

(b) Except as provided in paragraph 6 below, claims entitled to priority under 11 U.S.C. § 507 will be paid in full in deferred cash payments, with tax claims paid as priority, secured, or unsecured in accordance with the filed claim.

**3. Secured Claims.**

(a) *Cramdowns.* The holders of the following allowed secured claims retain the liens securing such claims and will be paid by the trustee the value of the security in the manner specified below. The portion of any allowed claim that exceeds the value indicated will be treated as an unsecured claim under paragraph 4(a) below.

| Creditor | Collateral | Value | Monthly Payment | Interest Rate |
|---|---|---|---|---|
| Springleaf Financial | 2006 Ford Fusion | $4,845.00 | $151.00 | 7.25 |

(b) Surrender. The debtor will surrender the following collateral and the creditor will have an allowed deficiency claim which will be paid as unsecured under paragraph 4(a) below.

| Creditor | Collateral to Be Surrendered |
|---|---|

(c) *Long-Term Mortgages.* The holders of the following mortgage claims will retain their liens and will be paid monthly maintenance payments which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full in the amount in the filed claim, absent an objection. Increases in the monthly maintenance payments during the life of the plan will be paid by the indicated payer.

| Creditor | Estimated Arrearage | Arrearage Interest Rate | Arrearage Monthly Payment | Maintenance Payment | Payment By: (Trustee or Debtor) |
|---|---|---|---|---|---|
| Nationstar | $15,559.86 | | $260.00 | | Trustee |
| Nationstar Mortgage | | | | $819.00 | Trustee |

CHAPTER 13 PLAN (Continued)

ORIGINAL

*Dated:*  December 18, 2015

(d) *De Novo Review*. Notwithstanding any provision of this plan, the secured status and classification of any purported secured claim are subject to *de novo* review on the request of any party in interest made within 90 days following the filing of the claim or the expiration of the deadline for filing proofs of claim, whichever comes later.

**4. Unsecured Claims.**

(a) *Nonpriority*. Except as provided in subparagraph (b) and in paragraph 6 below, allowed nonpriority unsecured claims will be paid:  **100%**

(b) *Post-petition*. Claims allowed under 11 U.S.C. § 1305 will be paid in full.

**5. Executory Contracts and Unexpired Leases.** Except the following which are assumed, all executory contracts and unexpired leases are rejected, with any claim arising from the rejection to be paid as unsecured as provided in paragraph 4(a) above:

*Property Description*          *Contract Number*          *Other Party to Contract*

**6. Special Provisions.** (such as cosigned debts, debts paid by third party, student loans, special priority debts)

**7. Liens to be avoided under §§ 506 & 522(f).** Confirmation of this plan shall constitute an order avoiding the liens of the following creditors:

**First Bank of Tennessee (Non-possessory, non-PMSI liens, if any, to be avoided per confirmation)**

**8. Property of the Estate.** All property of the Debtor(s) is included as property of the estate and shall remain so until discharge unless otherwise ordered by the Court.

| Date: | December 18, 2015 | Signature | /s/ Richard L. Banks, #000617 |
|---|---|---|---|
| | | | Richard L. Banks, #000617, Attorney for Debtor<br>Richard Banks & Associates, P.C.<br>P.O. Box 1515<br>Cleveland, TN 37364-1515<br>(423)479-4188 |
| Date: | December 18, 2015 | Signature | /s/ Lewis Edwin Culberson |
| | | | Lewis Edwin Culberson, Debtor |
| Date: | December 18, 2015 | Signature | /s/ Patricia Dianne Culberson |
| | | | Patricia Dianne Culberson, Joint Debtor |